UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MELISSA R. HULSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-02385-SEB-MPB |
| | ) | |
| JOHN MARTOCCIA[1], | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Melissa R. Hulse, an inmate at Bartholomew County Jail, brought this civil rights action pursuant to 42 U.S.C. § 1983 alleging that conditions of the Bartholomew County Jail were so unclean that inmates were at risk of contracting Hepatitis A. The defendant moved for summary judgment. Ms. Hulse has not responded and the time to do so has passed. The motion is now ripe for review. For the reasons explained in this Order, the defendant is entitled to summary judgment on Ms. Hulse's claims.

**I.
Summary Judgment Standard**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). As the current version of Rule 56 makes clear, whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or

---

[1] The **clerk is directed** to update the docket to reflect that the defendant's name is "John Martoccia."

affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Gekas v. Vasilades*, 814 F.3d 890, 896 (7th Cir. 2016). The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the

Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Indiana University,* 870 F.3d 562, 573-74 (7th Cir. 2017). Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Anderson*, 477 U.S. at 255.

## II.
## Factual Background

The consequence of Ms. Hulse's failure to respond to the motion for summary judgment is that she has conceded the defendant's version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1(b) ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the standard for assessing a Rule 56(a) motion but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997). The following factual background is thus drawn from the defendant's undisputed evidence.

On July 1, 2018, Ms. Hulse was booked into the Bartholomew County Jail. Jail Commander Martoccia ensured sanitary hygienic living conditions for jail inmates by making sure jail staff regularly sanitized inmate living areas and provided cleaning supplies—mop, bucket, broom, dust pan, and toilet brush—to the inmates. According to the jail's records, cell blocks were sanitized approximately once per week. Dkt. 21-1.

Inmates had access to hot and cold water, showers, soap and shampoo. The jail and all inmate living areas were air conditioned and inmates had access to ice at least once per day in the common area. If an inmate requested additional ice while confined to his or her cell, correctional officers would sometimes provide ice by passing it through a hole in the cell door or by opening the cell door. *Id*.

Inmates would occasionally flood areas by blocking the drains in their sinks or toilets. When this occurred, defendant Martoccia ensured that the water was mopped up and the floor was cleaned immediately. To prevent the spread of Hepatitis A in the jail, defendant Martoccia coordinated with the Bartholomew County Health Department to provide free Hepatitis A vaccines to all inmates at the jail. Ms. Hulse refused the vaccine on July 17, 2018. *Id*.

### III.
### Discussion

Although neither party addresses whether Ms. Hulse remains a pretrial detainee or is a convicted inmate, the defendant recognizes that Ms. Hulse was a pretrial detainee at the time of her complaint. Therefore, the claim of whether jail conditions subjected Ms. Hulse to cruel and unusual punishment is analyzed under the Fourteenth Amendment. "[A] pretrial detainee can prevail by providing objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015).

The undisputed record shows that defendant Martoccia instituted a schedule for sanitizing inmate living areas, provided inmates with necessary cleaning and hygiene supplies, and promptly removed any water that overflowed from inmate sinks and toilets before sanitizing the area. He also arranged for free Hepatitis A vaccines for all inmates. All these actions were rationally related

to the legitimate government objective of maintaining health and safety at the Jail. *See Kingsley*, 135 S. Ct. at 2475.

Although providing ice to inmates through a hole in their cell doors may not be sanitary, it does not violate inmates' constitutional rights because the deprivation merely of cultural amenities such as ice is not cruel and unusual punishment, particularly in an air-conditioned cell block where ice is not needed to cope with excessive heat. *See Davenport v. DeRobertis*, 844 F.2d 1310, 1316 (7th Cir. 1988).

For these reasons, defendant Martoccia is entitled to summary judgment.

## IV.
## Conclusion

For the reasons stated in this Order, the defendant's motion for summary judgment, dkt. [19], is **granted**. Final judgment consistent with this Order and the screening Entry, dkt. 6, shall now issue.

**IT IS SO ORDERED**.

Date: 8/15/2019

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MELISSA R. HULSE
BARTHOLOMEW COUNTY JAIL
7232 Rue De Margot Dr
Indianapolis, IN 46260

Corey J. Dunn
KIGHTLINGER & GRAY LLP
cdunn@k-glaw.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP (New Albany)
jlowe@k-glaw.com